IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRYL WALKER,

     Petitioner,

v.                                                    CASE NO. 5:17-cv-96-MCR-GRJ

WARDEN BLACKMON,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss

Darryl Walker's 28 U.S.C. § 2241 Petition for Habeas Corpus Relief. (ECF

No. 8.) Petitioner has filed a response in opposition. (ECF No. 12.) The

motion is therefore ripe for review. Upon due consideration, the

undersigned recommends that the motion to dismiss be granted and the

Petition be dismissed.

### I.  Background

The Petition stems from Petitioner's guilty plea to Count Four of a

Fifth Superseding indictment: Aiding and abetting the carrying and use of a

firearm during a drug trafficking conspiracy that resulted in the death of

another under 18 U.S.C. § 1111, in violation of 18 U.S.C. §§ 924(j) and 2.

(ECF No. 11); *United States v. Walker*, No. 4:04-cr-00035-BRW-5, ECF

No. 422 (E.D. Ark. Nov. 19, 2007). Pursuant to the plea agreement

Petitioner signed on October 13, 2006, Petitioner agreed that he was guilty

of the offense charged in Count 4, including each of the following elements

of the offense:

> a.  The defendant knew that the offense of using a firearm
> during and in relation to a drug trafficking conspiracy was being
> committed or going to be committed;
> b.  The defendant intentionally acted in some way for the
> purpose of causing, encouraging, or aiding the commission of
> using a firearm during and in relation to a drug trafficking
> conspiracy[;]
> c.  Darryl Johnson was killed as a result of the discharge of a
> firearm during the perpetration of the drug trafficking
> conspiracy[;] and
> d.  The defendant was aware of a serious risk of death
> attending his conduct.

(ECF No. 11 at 1–2.)

The remaining counts against Petitioner were dismissed. *Walker*, No.

4:04-cr-00035-BRW-5, ECF No. 422. The United States District Court for

the Eastern District of Arkansas adjudicated Petitioner guilty of Count 4 of

the Fifth Superseding Indictment and sentenced Petitioner on November

19, 2007, to 288 months' imprisonment followed by three years of

supervised release. *Id.*

Petitioner filed a timely appeal to the Eighth Circuit Court of Appeals,

which was denied on March 17, 2009. *Id.*, ECF Nos. 488–89. The mandate followed on April 8, 2009. *Id.*, ECF No. 491.

On February 8, 2016, Petitioner filed a *pro se* motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. *Id.*, ECF No. 655. That motion was denied on February 9, 2016. *Id.*, ECF No. 659. Although Petitioner filed a motion for a certificate of appealability on March 7, 2016, the district court denied the motion on March 8, 2016. *Id.*, ECF Nos. 664–65. Petitioner appealed, but the Eighth Circuit dismissed the appeal on June 28, 2016. *Id.*, ECF No. 672. The mandate followed on August 22, 2016. *Id.*, ECF No. 674.

Petitioner then filed the instant Petition in this Court on March 24, 2017. (ECF No. 1.)

## II. Discussion

Petitioner raises one ground for relief in his Petition: Actual innocence. (ECF No. 1.) Petitioner says he is "[a]ctual[ly] innocent of the 20 year mandatory minimum based on insufficient evidence that petitioner's conduct satisfied the but-for-cause of the [victim's] death." (*Id.* at 3.) Petitioner contends he is entitled to habeas relief pursuant to the United States Supreme Court's decision in *Burrage v. United States*, 134

S. Ct. 881 (2014). (*Id.* at 9–12). Petitioner argues that he can pursue habeas relief under § 2241 via the saving clause in § 2255(e) because the saving clause provides an avenue to address a post-sentence change in case law. (*Id.* at 8.)

Respondent argues that the Petition should be dismissed because Petitioner cannot satisfy the requirements of § 2255(e) to bring the instant Petition under § 2241. (ECF No. 8.) The Court agrees.

For starters, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Congress established § 2255 as the primary means of collateral attack on a federal sentence. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990); *cf. Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) (challenges to the *execution* of sentence, rather than the validity of the sentence itself, are properly brought under § 2241). Thus, any challenge to his sentence should have been brought under § 2255. Petitioner, however, already filed a § 2255 motion, which was denied. Accordingly, Petitioner would have to seek authorization from the Eighth Circuit to file a second or successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A review of PACER discloses that Petitioner has not done so. And even if he had, Petitioner

would be required to file the second or successive § 2255 motion in the Eastern District of Arkansas—the district of his conviction. *See, e.g., Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003) (collateral attacks to a federal prisoner's conviction or sentence must be made by filing a motion in the court of conviction pursuant to § 2255).

More importantly, Petitioner cannot pursue relief under § 2241 because Petitioner cannot satisfy the saving clause requirements of § 2255(e). The savings clause permits a federal prisoner to seek relief under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." § 2255(e). This provides a very different, and much more limited, avenue of relief than a § 2255 motion to vacate or correct an illegal sentence.

> When Congress enacted section 2255, it created a mechanism for a prisoner to challenge his 'sentence' in the court that sentenced him, but Congress left open the opportunity for a prisoner to file a petition for a writ of habeas corpus in the district of his confinement "to test the legality of his detention."

*Samak v. Warden, FCC Coleman-Medium,* 766 F.3d 1271, 1279 (11th Cir. 2014) (Pryor, J., concurring); *compare* § 2255(a) (vacating, setting aside, or correcting the *sentence*), *with* § 2255(e) (testing the legality of the *detention*). A prisoner may proceed under § 2241 "only when he raises

claims outside the scope of § 2255(a), that is, claims concerning the *execution* of his sentence." *Antonelli*, 542 F.3d at 1352 n.1 (emphasis added). Challenges to the execution of a federal sentence include federal parole commission decisions, *Hajduk v. United States*, 764 F.2d 795, 796 (11th Cir. 1985), military court martials, *Betonie v. Sizemore*, 496 F.2d 1001, 1005 (5th Cir. 1974), federal Bureau of Prison regulations excluding a class of prisoners from early release, *Lopez v. Davis*, 531 U.S. 230 (2001), and certain limited immigration proceedings.

Whether the saving clause applies is a jurisdictional issue that the court must determine before reviewing the merits of the § 2241 petition. *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337–40 (11th Cir. 2013). The petitioner bears the burden of demonstrating that he can satisfy the saving clause under § 2255(e). *Mackey v. Warden, FCC Coleman-Medium*, 739 F.3d 657, 661 (11th Cir. 2014).

"'Inadequate or ineffective' . . . connotes that the saving clause permits a prisoner to bring a claim in a petition for habeas corpus that could not have been raised in his initial motion to vacate." *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1087 (11th Cir. 2017). "[A] change in caselaw does not trigger relief under the saving

clause. Whether circuit precedent 'was once adverse to a prisoner has nothing to do with whether his motion to vacate his sentence is inadequate or ineffective to test the legality of his detention.'" *Id.* at 1085–86 (quoting *Samak*, 766 F.3d at 1276) (internal quotations omitted).

Petitioner does not qualify for the saving clause. Petitioner could have raised his claim in his § 2255 motion, but failed to do so. Notably, despite his assertion that his claim is based on a retroactively applicable Supreme Court decision, *i.e.*, *Burrage*, the Supreme Court issued the *Burrage* decision in 2014—*two years before Petitioner filed his original § 2255 motion*. Any claim involving the *Burrage* decision could have and should have been made in his § 2255 motion. Nonetheless, even if *Burrage* had been decided *after* Petitioner filed his § 2255 motion, under *McCarthan*, a change in caselaw does not trigger relief under the saving clause.

Finally, even assuming Petitioner could satisfy the saving clause and pursue relief under § 2241—which he cannot—*Burrage* does not apply to Petitioner's case. In *Burrage* the Supreme Court held that in order to apply the 20 year statutory minimum sentencing enhancement under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), the United States must prove that "but-for"

ingesting the narcotic distributed by the defendant, the victim would not have died. 134 S. Ct. at 892; *see* § 841(b)(1)(C) (providing that "such person shall be sentenced to a term of imprisonment of not more than 20 years and *if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years* or more than life").

Notably, Petitioner did not plead guilty to 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Instead, Petitioner pled guilty to 18 U.S.C. §§ 924(j) and 2, which did not subject Petitioner to a statutory minimum enhancement nor require the United States to show any "but-for" connection with the drug trafficking conspiracy. *See* § 924(j) ("A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall . . . if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life.") *Barrage* is therefore inapplicable to Petitioner's conviction and sentence.

Petitioner has failed to demonstrate that the saving clause opens the portal for the Court to consider the merits of his Petition. His Petition should, therefore, be dismissed.

## III.  Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1    Respondent's Motion to Dismiss Darryl Walker's 28 U.S.C. §
      2241 Petition for Habeas Corpus Relief, ECF No. 8, should be
      **GRANTED**; and

2.    The Petition for a writ of habeas corpus pursuant to 28 U.S.C.
      § 2241, ECF No. 1, should be **DISMISSED.**

**IN CHAMBERS** this 4th day of August 2017.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and
recommendations must be filed within fourteen (14) days after being
served a copy thereof. <u>Any different deadline that may appear on the
electronic docket is for the court's internal use only, and does not
control.</u> A copy of objections shall be served upon all other parties. If
a party fails to object to the magistrate judge's findings or
recommendations as to any particular claim or issue contained in a
report and recommendation, that party waives the right to challenge
on appeal the district court's order based on the unobjected-to factual
and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.